FILED
2008 Jun-04  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

Shirley Staton,

   Plaintiff,       07-CV-1342-IPJ

v.

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

   Defendant.


## <u>MEMORANDUM OPINION</u>

The plaintiff appeals from the decision of the Commissioner of Social

Security denying her disability insurance benefits and supplemental security

income.  The case is now properly before this court.  *See* 42 U.S.C. § 405(g).  The

plaintiff alleges that she has been unable to work since July 13, 1998, due to

numbness, pain, and limited movement in her dominant right hand and depression

(R. 102, 144, 416).  The plaintiff was born on February 8, 1963, and has a general

equivalency degree (R. 85, 395).  She has previous work experience as a food

service supervisor, waitress, machine setter, and machinist (R. 403-07).

1

The ALJ found that the plaintiff had the severe impairments of nerve and functional limitation to the dominant right hand and depression (R. 20). The ALJ next found that the plaintiff did not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 22). The ALJ then concluded that the plaintiff was capable of performing work at the light exertional level, but that she could not return to her previous work (R. 22, 24). Although the plaintiff could not return to her previous work, the ALJ held that the plaintiff was not disabled because there were jobs available in significant numbers in the national economy that a person with the plaintiff's limitations could perform (R. 25).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The sole issue before the court is whether the decision of the Commissioner is supported by substantial evidence and based upon proper legal standards. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court may not decide facts anew, reweigh evidence, or substitute its judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not yield automatic affirmance, for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine [the] reasonableness of the decision reached." .

2

*Lamb*, 847 F.2d at 701 (quoting *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987)).

Moreover, failure to apply the correct legal standards is grounds for reversal.  *See*

*Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The plaintiff asserts that the ALJ's decision is due to be reversed because

the ALJ erred by (1) failing to provide adequate reasons for finding the plaintiff's

subjective complaints of disabling pain and other limitations not fully credible and

(2) by not considering the plaintiff's impairments in combination.

To establish a credible claim of pain, the plaintiff must present (1) evidence

of an underlying medical condition; and (2) either (a) objective medical evidence

confirming the severity of the alleged pain; or (b) that the objectively determined

medical condition can reasonably be expected to give rise to the claimed pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  After reviewing the

evidence, the ALJ found that the plaintiff had presented evidence of an underlying

medical condition, but that she had not met either of the two remaining prongs (R.

23).  The court finds that the ALJ's conclusion that the plaintiff's subjective

complaints of disabling pain are not fully credible is supported by substantial

evidence.  Specifically, the ALJ's conclusion is supported by the opinion of Dr.

Jampala, who examined the plaintiff and concluded that the plaintiff's complaints

were not consistent with her impairments.  (R. 23).  In addition, the plaintiff

testified at her hearing that she could perform a significant number of daily activities that are not consistent with the plaintiff's alleged limitations (R. 23).

The second argument raised by the plaintiff is likewise without merit because the ALJ's opinion demonstrates that the ALJ considered the plaintiff's impairments in combination.  In "Finding 4" of the ALJ's opinion, he states that the plaintiff "has nerve and functional limitations to the right dominant hand and depression, impairments that are 'severe' in combination within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either single [sic] or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4" (R. 22).  The United States Court of Appeals for the Eleventh Circuit has held that such a statement is sufficient evidence that the ALJ considered the plaintiff's impairments in combination.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (holding that the ALJ had considered the plaintiff's impairments in combination where the ALJ stated in his opinion that "the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4").  The ALJ statement in "Finding 4" that he considered the plaintiff's impairments in combination is thus sufficient evidence

4

that the ALJ properly considered the plaintiff's impairments in combination.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the ALJ and considered by him and the Appeals Council, the court is satisfied that the decision of the ALJ is based upon substantial evidence and that the ALJ applied the correct legal standards.  Without  substituting its judgment for that of the Commissioner, this court can find no basis upon which to reverse the decision of the ALJ.  *See Bloodsworth*, 703 F.2d at 1239. Accordingly, the decision of the Commissioner of the Social Security Administration is due to be AFFIRMED.

**DONE** and **ORDERED**, this the 4th day of June 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE